Howard KINNEY, Appellant,

v.

Mario RETICA, Mayor of the City of Hibbing, et al, Respondents,

Wallace Ylatupe, Respondent.

No. 51864.

Supreme Court of Minnesota.

Aug. 14, 1981.

Friedman, Nord & Paulson, Duluth, for appellant.

Naughtin, Mulvahill & Minton, Ltd., Hibbing, for Retica.

Abate, Wivoda, Ackerson & Clark and David E. Ackerson, Hibbing, for Ylatupe.

SHERAN, Chief Justice.

Appellant Howard Kinney, a captain in the Hibbing Fire Department, applied for and submitted to a promotional examination for the position of battalion chief. Although he achieved a higher score on the examination than coexaminee Ylatupa, the latter received the appointment. Appellant commenced this action claiming that the Firefighter's Civil Service Commission Act utilizes a "rule of one" for promotions and that his receipt of the highest examination score entitled him to the position.

On cross motions for summary judgment, the district court held that the Firefighter's Civil Service Commission Act employs a "rule of three" rather than a "rule of one." Therefore, the trial court denied appellant's motion and granted defendants' motion. We affirm.

The Hibbing Firefighter's Civil Service Commission is organized pursuant to Minn. Stat. §§ 420.01–.16 (1980). As originally enacted, that legislation provided, in part, that the commission should make "rules [that] shall provide among other things, for:

\*   \*   \*   \*   \*   \*

(d) The creation and maintenance of lists of eligible candidates after successful examination in order of their standing in the examination and without reference to the time of examination. Such lists shall be embraced in an eligible register. The commission may by rule provide for striking any name from the eligible register after it has been two years thereon.

\*   \*   \*   \*   \*   \*

(f) The certification of the name standing highest on the appropriate list to fill any vacancy.

\*   \*   \*   \*   \*   \*

(h) Promotion based on competitive examination and upon records of efficiency, character, conduct, and seniority."

Act of Mar. 11, 1929, ch. 57, § 8, 1929 Minn.Laws 54, 55–56. In 1959, the legislature amended subpart (f), which had been numbered (7), to read as it currently does. That amendment stated: "(7) The certification of the *three names* standing highest on the appropriate list to fill any vacancy." Act of Apr. 24, 1959, ch. 695, § 3, 1959 Minn.Laws 1356, 1357–58 (emphasis in original).

Appellant recognizes that this amendment substitutes a "rule of three" for the original "rule of one," but argues that Minn.Stat. § 420.07(7) (1980) applies only to initial hiring. We reject this argument because the language of subpart 7 unequivocally states that "rule of three" applies to "the appropriate list to fill any vacancy." Therefore, the "rule of three" applies to promotions.

The Hibbing Firefighter's Civil Service Board acted appropriately in certifying to the fire chief that both applicants were eligible for promotion and the fire chief then had the discretion to appoint either of them. There has been no showing that the fire chief's discretion was abused.

The "rule of three" is required by the Firefighter's Civil Service Commission Act and any provisions of the Hibbing Commission's civil service rules that are inconsistent with this rule must fall. Appellant's arguments based upon the civil service rules are accordingly rejected.

Finally, appellant's claim that the failure of the city to appoint him is a grievable issue within the meaning of the union contract is without merit.

Affirmed.